UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL LEON COLEMAN,

        Plaintiff,

v.

ROBERT NAPLES, et al.,

        Defendants.
        _____/

File No. 2:10-CV-287

HON. ROBERT HOLMES BELL

### ORDER APPROVING AND ADOPTING
### REPORT AND RECOMMENDATION AS MODIFIED

On August 22, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment and/or dismissal (Dkt. Nos. 30, 33, 41) be granted and this case dismissed. (Dkt. No. 57.) This matter is before the Court on Plaintiff's objections to the R&R (Dkt. No. 61) and Defendants Ayers and Rogers's objections to the R&R (Dkt. No. 58).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

**A. Plaintiff's Objections**

Plaintiff presents the following objections: (1) he did not name Dr. Stieve by name in his grievances because he did not know his name at the time; (2) none of the Defendants are entitled to dismissal because they were all involved in denying him medical treatment; (3) he never refused a rectal exam as stated in the R&R; (4) he never refused an abdominal binder truss as stated in the R&R; (5) Nurse Stephenson's statements regarding the effect of the delay in his treatment were incorrect; (6) his medical problems are very serious and painful; (7) deliberately providing a prisoner with ineffective alternative treatment amounts to deliberate indifference; and (8) if he had a better chance at discovery, he would do better at proving his case. (Dkt. No. 61.)

Plaintiff's first objection is moot. Whether or not Plaintiff exhausted his administrative remedies in regard to Dr. Stieve, the R&R provided an alternative basis for granting Dr. Stieve summary judgment: Plaintiff failed to sustain his burden of proof that Dr. Stieve engaged in unconstitutional behavior towards him. The Court has reviewed the merits of the R&R's findings on this matter and finds the R&R's conclusion to be sound.

Plaintiff's second objection constitutes a general objection to the R&R and will be dismissed pursuant to *Miller v. Currie*. In any case, the R&R determined the behavior of all defendants to be constitutional, and the Court finds no fault with that determination.

Plaintiff's third and fourth objections are contradicted by the record. The May 20, 2008, Step II "Grievance Response" clearly states that Plaintiff refused a rectal exam and

2

abdominal binder. (Dkt. No. 41, Ex. B-1, Attach. 1.) This response referred to the April 10, 2008, incident, the same incident the R&R was referring to. In contrast, the evidence Plaintiff submits to contradict this finding relate to separate incidents occurring in 2009. (Dkt. No. 61, Exs. 1, 3.)

Plaintiff's fifth objection concerns statements Nurse Stephenson made that were cited in the R&R. Plaintiff has not offered any support for his contention that these statements were inaccurate. Moreover, none of the R&R's conclusions relied solely on these statements. Instead, they all relied upon a body of support. This body of support was more than adequate to support the conclusion that Plaintiff's claims lacked merit, even in the absence of the nurse's statements.

Plaintiff's sixth objection is that his medical conditions were serious and very painful. The R&R never concluded otherwise. Moreover, all of the documents Plaintiff provides in support are his own internal complaints to prison officials, which do not constitute sufficient evidence that his medical conditions were serious. (*See* Dkt. No. 61, Ex. 4.) Moreover, there is both an objective and subjective component to an Eighth Amendment deprivation of adequate medical care claim. Even if the Court accepts as true that Plaintiff's medical conditions were extremely serious, Plaintiff still bore the burden of proving deliberate indifference on the part of the Defendants. Because Plaintiff only disagrees with the type of care provided, and does not dispute that he was provided treatment, the Court agrees with the R&R that Plaintiff failed to meet his burden.

Seventh, Plaintiff cites cases to support his claim that providing alternative treatment does amount to deliberate indifference. However, none of the cases Plaintiff cites support this claim. *Kelly v. McGinnis*, 889 F.2d 612, 616 (7th Cir. 1990), only stands for the fact that deliberate indifference can be made out if a plaintiff shows that doctors deliberately gave a prisoner ineffective treatment to "toy" with him. Plaintiff has not established such a scenario. Similarly, *Waltrop v. Evans*, 871 F.2d 1030, 1033 (11th 1989), only stated that "grossly incompetent" care, such as care so "excessive as to shock the conscience" can constitute deliberate indifference. Plaintiff has not established this scenario either.

Last, Plaintiff asserts that he could have done a better job presenting his case if he had a better chance at discovery. This is a general objection which fails to dispute any part of the R&R. Thus the Court will summarily dismiss this objection.

In conclusion, none of Plaintiff's objections merit modifying the R&R.

**B. Defendant's Objections**

Defendants object that the R&R, although granting their motion to dismiss (Dkt. No. 41) for Plaintiff's failure to state a claim, incorrectly determined that they were not also entitled to dismissal for Plaintiff's failure to exhaust administrative remedies against them. Thus, Defendants contend that the R&R should have granted their motion to dismiss on both failure to state a claim and failure to exhaust administrative remedies grounds.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable

4

procedural rules established by state law. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007). In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

The R&R correctly noted that Plaintiff did name Defendant Ayers in one of the grievances he filed. However, the R&R incorrectly jumps to the conclusion that Plaintiff satisfied his duty to exhaust remedies against Defendant Ayers as a result. The grievance which named Defendant Ayers was rejected by the Michigan Department of Corrections ("MDOC") at Step III for being untimely. (Dkt. No. 42, Attach. 1, Grievance HTF-09-03-00167-12d1, at 2.) As far as the Court can tell, Plaintiff did not challenge this finding at the time, nor has he raised any objection to it in his pleadings. According to *Woodford*, this means that Plaintiff failed to properly exhaust his administrative remedies in regard to Defendant Ayers. Consequently, the motion to dismiss (Dkt. No. 41), as it pertains to Defendant Ayers, will be granted on both grounds: failure to state a claim and failure to exhaust administrative remedies.

As for Defendant Rogers, the R&R correctly pointed out that one of Plaintiff's grievances referred to "Nurse Practitioner," who all parties agree is Defendant Rogers. This grievance was not rejected on procedural grounds at any stage. However, this grievance did not reference Defendant Rogers by name. As a result, Defendants contend that because she was not properly named, Plaintiff has failed to exhaust his administrative remedies against her.

Proper exhaustion requires compliance with an agency's critical procedural rules. *Woodford*, 548 U.S. at 90. However, while the MDOC policy directive regarding grievances does ask that prisoners include "names of all those involved" (Dkt. No. 42, Attach. 4, Policy Directive, at ¶ R), this is not a procedural rule. It is not included in the list of procedural reasons to reject a grievance (*Id.* at ¶ G), and Plaintiff's grievance was not rejected on procedural grounds at all. Moreover, Plaintiff was not chastised at any point in the grievance process for his failure to spell out Defendant Rogers's name. Lastly, even if the non-inclusion of a name was a valid reason for procedural rejection, there is no procedural bar to proper exhaustion in cases where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010). Consequently, the R&R correctly found that Plaintiff had exhausted his administrative remedies in regard to Defendant Rogers, and correctly granted the motion to dismiss (Dkt. No. 41), as it pertained to her, on the failure to state a claim ground only.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **DISMISSED**.

**IT IS FURTHER ORDERED** that the August 22, 2012, R&R (Dkt. No. 57) is **APPROVED** and **ADOPTED AS MODIFIED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for dismissal and/or summary judgment filed by all Defendants (Dkt. Nos. 30, 33, 41) are **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.


Dated: September 28, 2012                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE